[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
The defendant in these actions has filed a counterclaim alleging that the defendant's tenant was evicted from premises owned by the defendant which eviction was motivated by racially discriminatory reasons.
The defendant alleges that such conduct was a discriminatory practice in violation of Connecticut General Statutes § 46a-58 (a) which provides:
 It shall be a discriminatory practice in violation of this section for any person to subject or cause to be subjected any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States on account of religion, national origin, alienage, color, race, sex, blindness or physical disability.
The plaintiff has moved to dismiss count one of the counterclaim on the ground that the court lacks subject matter jurisdiction as the defendant has failed to exhaust the administrative remedy available to him under Connecticut General Statutes § 46a-82 et seq. Connecticut's "Discriminatory Practice Complaint Procedure."
The defendant responds by claiming that the counterclaim constitutes a civil action for a discriminatory housing practice which, pursuant to § 46a-98a can be brought directly in the Superior Court without first exhausting administrative remedies.
The difficulty with the defendant's position, however, is that §46a-98a does not encompass within its provisions an action brought pursuant to § 46a-58 (a). The Superior Court case relied upon by the defendant involves a claim pursuant to § 46a-64c. Thus § 46a-98a
CT Page 11311 cannot be relied upon by the defendant in this case.
At oral argument, for the first time, the defendant claims that the allegations that he was relying on 46a-5 8(a) rather than 46a-64c was a typographical error. The court must base its decision on what the defendant alleged, not what he intended to allege.
The motions to dismiss the First Count of the counterclaim in each case are granted.
By the Court,
 ___________________ Bruce W. Thompson, Judge
CT Page 11312